August 17, 1993 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2339

 ERNEST PITOCHELLI, ET AL.,

 Plaintiffs, Appellee,

 v.

 TOWN OF JOHNSTON,

 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on July 6, 1993, is amended
as follows:

 Strike the first full paragraph on page 6.

 Strike "as modified" in the mandate paragraph on page 6.

July 6, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2339

 ERNEST PITOCHELLI, ET AL.,

 Plaintiffs, Appellees,

 v.

 TOWN OF JOHNSTON,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Ronald R. Lagueux, U.S. District Judge]
 

 

 Before

 Boudin, Circuit Judge,
 
 Coffin, Senior Circuit Judge,
 
 and Stahl, Circuit Judge.
 

 

 Thomas A. DiLuglio for appellant.
 
 John A. Glasson for appellees.
 

 

 

 COFFIN, Senior Circuit Judge. Defendant appeals an award of
 

attorney's and expert fees granted to plaintiffs at the

conclusion of their successful challenge to the voting districts

in the Town of Johnston, Rhode Island. We decrease the amount of

the expert fees award but otherwise affirm.

 I.

 The Town of Johnston contains five councilmanic districts

that, until this litigation, had not been redrawn since they were

adopted in 1963. In June 1990, two registered voters sued the

town pursuant to the Civil Rights Act of 1871, 42 U.S.C. 1983,

1985(3), to effect reapportionment in accordance with the one-

person, one-vote standard of Reynolds v. Sims, 377 U.S. 533
 

(1964). In their motion for a preliminary injunction, plaintiffs

sought immediate redistricting according to data collected in the

1980 census or, alternatively, electing all seats in 1990 at

large. The district court determined that the councilmanic

districts were malapportioned and ordered the town to conduct at-

large elections that year. It did not yet require redistricting

because release of the 1990 census data was imminent and the town

could not reapportion the districts without postponing the

elections. 

 Once data from the 1990 census became available, plaintiffs

amended their complaint to request redistricting based on these

population figures. Finally, in August 1992, on the eve of

trial, the town submitted a reapportionment plan using the 1990

 -3-

census data. The plan, with some revisions, was accepted by

plaintiffs and the court, and a consent judgment was entered.

 Plaintiffs then moved for attorney's fees, expert fees, and

costs, totalling $26,398.13. The town objected, arguing

primarily that plaintiffs were not entitled to a full award

because they had not prevailed on all of their claims and that

the town was not responsible for the malapportionment. After a

hearing, the district court awarded plaintiffs the entire amount

of their request. This appeal followed. 

 II.

 In an action to enforce civil rights, the prevailing party

may recover attorney's and expert fees. 42 U.S.C. 1988.1 The

determination of whether a party has prevailed and the decision

to award fees is committed to the sound discretion of the

district court. McDonald v. Secretary of Health and Human
 

Servs., 884 F.2d 1468, 1474 (1st Cir. 1989). The district court
 

must provide a clear explanation of its award to ensure

meaningful review. Grendel's Den, Inc. v. Larkin, 749 F.2d 945,
 

950 (1st Cir. 1984).

 The town concedes plaintiffs' entitlement to an award of

attorney's and expert fees. At oral argument, it also conceded

that plaintiffs are entitled to the full amount requested if they

 

1 The retroactive applicability of the Civil Rights Act of 1991,
which amended Section 1988 to allow the prevailing party to
recover expert fees, currently is pending before the Supreme
Court. See Landgraf v. USI Film Products, 113 S. Ct. 1250
 
(1993), granting cert. in part to, 968 F.2d 427 (5th Cir. 1992).
 
We need not determine whether the Act applies to this proceeding,
however, because defendant has never raised the issue.

 -4-

are found to be the prevailing party on all their claims. The

town protests, however, that the award is excessive because

plaintiffs did not succeed in obtaining reapportionment based on

the 1980 census, as they originally requested.

 A party prevails if it "`succeed[s] on any significant issue

in litigation which achieve[s] some of the benefit [it] sought in

bringing the suit.'" McDonald, 884 F.2d at 1474 (quoting Nadeau
 

v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)). The district
 

court determined that plaintiffs had achieved their ultimate goal

of a just reapportionment, based on the most recent census

figures. It further determined that the requested attorney's and

expert fees were reasonable. The court therefore awarded fees

for work expended on both the 1980 and 1990 census claims. We

affirm.

 Defendant's technical focus on the 1980 census claim is

misguided. Plaintiffs sued the town to achieve a fair

apportionment of the town's voting districts, and, at every step

of this proceeding, they succeeded. At the preliminary

injunction hearing, they proved that the town's voting districts

were malapportioned under the 1980 census, and the court forbade

use of these districts in the 1990 elections. Once the 1990

census data became available, plaintiffs amended their complaint

and eventually effected redistricting based on these figures.

The district court therefore did not abuse its discretion by

awarding fees for work expended on plaintiffs' original and

amended claims.

 -5-

 Alternatively, the town argues that special circumstances

render any award unjust. The town explains that its charter

requires districts based on the number of electors, not

residents. Johnston Town Charter Sec. 2-6. It therefore claims

that it "did not create and is powerless to prevent" the

malapportionment. Appellant's Brief at 18-19. The town asserts

that its blamelessness is a special circumstance that should

relieve it of the burden of bearing plaintiffs' fees. See
 

Chastang v. Flynn and Emrich Co., 541 F.2d 1040, 1045 (4th Cir.
 

1976) (citations omitted).

 The town's argument lacks merit. We note that the charter

itself requires the town to redistrict within one year of each

census and more often if necessary, yet the town took no action

until it was sued 27 years after the districts first were

established.2 The town clearly had the authority to reapportion

the councilmanic districts, for it drafted the redistricting plan

incorporated in the consent judgment. 

 Finally, the town contends that the district court's award

of fees resulted from a biased perception that the town had

prolonged the litigation needlessly and willfully. The town

argues that newspaper articles critical of its conduct of the

case impermissibly influenced the district court. Defendant

appends copies of these articles to its brief on appeal. It did

 

2 On appeal, the town urges that it made attempts to correct the
malapportionment before this lawsuit. The record, however, does
not contain any competent evidence of these attempts. 

 -6-

not present the issue of bias or the articles to the district

court. 

 We decline to consider the question of bias, for it was

raised for the first time on appeal. See United States v.
 

Yefsky, No. 90-1174, slip op. at 22 n.7 (1st Cir. May 3, 1993). 
 

We do not intend, however, for our refusal to be construed as

conferring merit on defendant's claim. The town has not

presented a plausible challenge to the district court's

impartiality.

 Affirmed.3
 

 

3 In its brief, the town included two pages entitled "Appellant,
Town of Johnston's, Motion for Rehearing," which purports to
request reconsideration of the district court's award of fees.
The town has not filed a motion requesting this relief, and we
decline to address its self-styled "motion." The issues it
raises, however, are identical to those raised on appeal.

 -7-